UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

PHILLIP VELASQUEZ                                                PLAINTIFF

v.                                        CIVIL ACTION NO. 4:20-CV-P172-JHM

MIKE LEWIS                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff was formerly incarcerated at the Hopkins County Jail (HCJ). He brings suit against HCJ Jailer Mike Lewis in both his official and individual capacities.

Plaintiff first complains about the conditions of confinement at HCJ. He alleges that his cell had black mold; that he twice found fingernails on his food tray; and that the food workers did not wear coverings over their facial hair. Plaintiff also claims that he was charged for certain "supplies" even though he was indigent. Plaintiff further alleges that he was wrongfully placed in "isolation" and denied a mattress and blanket for sixty days. Finally, Plaintiff seems to allege that Defendant Lewis did not adequately address these issues in response to the grievances he filed.

As relief, Plaintiff seeks damages.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Conditions-of-Confinement Claims

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Rather, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

#### a. Black Mold

Plaintiff's conclusory allegation regarding the presence of black mold in his cell, with only speculation of harm to his health, fails to state a claim upon relief may be granted. *See*, *e.g.*, *Lyons v. Wickersham*, No. 2:12-CV-14353, 2012 U.S. Dist. LEXIS 178576, at *9 (E.D. Mich. Dec. 18, 2012) ("The mere allegation of the presence of some mold does not create a condition of 'intolerable for prison confinement.'") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348

3

(1981)); *Voorhees v. Huber*, No. 1:01CV-76-M, 2010 U.S. Dist. LEXIS 82102, at *6 (W.D. Ky. Aug. 10, 2010) (finding that plaintiff's speculation that his exposure to mold in his sleeping area could endanger his health failed to state an Eighth Amendment claim).

Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### b. Food-Related Claims

Courts have consistently held that isolated incidents of foreign bodies, even rodents and insects, in the food served to prisoners is not an Eighth Amendment violation. *Tucker v. Rose*, 955 F. Supp. 810, 815 (6th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97 (1974)). Therefore, Plaintiff's claim that he found fingernails in his food on two occasions fails to state a claim upon which relief may be granted. *See also Smith v. Younger*, No. 985482, 1999 U.S. App. LEXIS 20168, at *6 (6th Cir. Aug. 9, 1999) (affirming district court's dismissal of Eighth Amendment claim based on the presence of a worm in plaintiff's peanut butter); *Freeman v. Trudell*, 497 F. Supp. 481, 482 (E.D. Mich. 1980) ("An occasional incident of a foreign object finding its way into the food, while regrettable, does not raise a question of constitutional proportion.").

Courts have also dismissed claims based on the alleged failure of food service workers to wear hair nets. *See*, *e.g., Smith v. Long*, No. 3:18-cv-00061, 2018 U.S. Dist. LEXIS 136392, at *10-11 (M.D. Tenn. Aug. 13, 2018) (finding allegations that the plaintiff had been served food containing hairs as a result of inmate food providers' failure to wear beard nets failed to state an Eighth Amendment claim). *Tapp v. Dunlap*, No. 1:17 CV 647, 2017 U.S. Dist. LEXIS 127948 (N.D. Ohio Aug. 11, 2017) (holding allegations that correction officers served food without

wearing hair nets or gloves did not rise to the level of the kind of extreme deprivation required to state a constitutional claim).

Thus, Plaintiff's food-related claims will be dismissed for failure to state a claim upon which relief may be granted.

**B. Improper Charges**

The Court next turns to Plaintiff's allegations that he was improperly charged for certain "supplies" even though he had been deemed indigent. The Court construes this as a claim brought under the Due Process Clause of the Fourteenth Amendment. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable claim under the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527, 101 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a constitutional claim for the deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *See Parratt v. Taylor*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

In light of this jurisprudence, the Court will also dismiss this claim for failure to state a claim upon which relief may be stated.

### C. Grievances

With regard to Plaintiff's allegation that Defendant Lewis failed to adequately respond to his grievances, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See also Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same).

Thus, this claim will also be dismissed for failure to state a claim upon which relief may be granted.

### D. Placement in Isolation and Deprivation of Mattress and Blanket

Upon consideration, <u>the Court will allow Eighth Amendment and Fourteenth Amendment claims to proceed against Jailer Lewis in his individual capacity based upon Plaintiff's allegations that he was wrongfully placed in "isolation" and denied a mattress and blanket for sixty days</u>. In allowing this claim to proceed, the Court passes no judgment upon their merit of these claims or upon the ultimate outcome of this action.

The Court will not allow Plaintiff's official-capacity claim against Jailer Lewis to proceed. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claim against Jailer Lewis, therefore, is actually against Hopkins County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff does not allege that he was wrongfully placed in "isolation" and denied a mattress and blanket for sixty days as a result of a policy or custom implemented or endorsed by

7

Hopkins County. Thus, Plaintiff's official-capacity claim against Jailer Lewis will likewise be dismissed for failure to state a claim upon relief may be granted.

IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claim, and his claims based upon food service, improper charges, and grievances he filed are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: July 8, 2021

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
 Defendant
 Hopkins County Attorney
4414.011