UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:20CV-00172-JHM

PHILLIP VELASQUEZ                                                                                     PLAINTIFF

V.

MIKE LEWIS                                                                                             DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [DN 43] by Defendant Mike Lewis in his individual capacity. Plaintiff Phillip Velasquez ("Velasquez") *pro se* filed a response [DN 45], and Defendant filed a reply [DN 48]. Fully briefed, this matter is ripe for decision.

I. BACKGROUND

Velasquez was a pretrial detainee[1] at the Hopkins County Jail. [DN 1]. He filed a *pro se* complaint alleging violations of his Eighth and Fourteenth Amendment while he was incarcerated in the Hopkins County Jail. He asserts that he was wrongfully placed in "isolation" and denied a mattress and blanket for sixty days. [DN 1; Velasquez Aff., DN 45 at 3]. Upon completion of its initial screening pursuant to 28 U.S.C. § 1915A, the Court permitted these claims to continue against Jailer Lewis in his individual capacity. [DN 19]. Defendant Mike Lewis now moves for summary judgment. [DN 43].

---

[1] In his complaint, Velasquez stated that he was a convicted prisoner. However, in his affidavit dated March 30, 2022, he states that he was held as a pretrial detainee at the Hopkins County Jail. [DN 45 at 3]. Similarly, counsel for Jailer Lewis represents that Velasquez was a pretrial detainee during the alleged events. For these reasons, the Court will analyze Velasquez's claims under the proper legal standard applicable to pretrial detainees.

## II.  STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]"  Fed. R. Civ. P. 56(c)(1).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson*, 477 U.S. at 252.  It is against this standard the Court reviews the following facts.

The fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56.  "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage."  *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citation omitted).  The Sixth Circuit has made clear that, when opposing summary

2

judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter his duty on a summary judgment motion." V*iergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

### III. DISCUSSION

**A. Isolation**

Velasquez submits an affidavit stating that "[f]or sixty days, I was wrongfully placed in isolation. . . ." [DN 45 at 3]. Velasquez claims that placement in isolation violated his Fourteenth Amendment rights.

The "'Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake.'" *Mosley v. Batts*, No. 19-5355, 2019 WL 8399882, at *2 (6th Cir. Nov. 19, 2019) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). To determine whether segregation of an inmate from the general prison or jail population involves the deprivation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment, the Court must determine if the segregation imposes an "'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, courts have found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See*, *e.g.*, *Jones*, 155 F.3d at 812–13 (holding that two years of segregation while inmate was investigated for murder of prison guard in riot did not implicate a liberty interest entitling him to due process); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th

Cir. 1997) (concluding that more than a year in administrative segregation did not implicate inmate's due process rights); *Webb v. Bucholtz*, No. 1:20-cv-1036, 2021 WL 804721, at *2–3 (W.D. Mich. Mar. 3, 2021) (holding that pretrial detainee's ten-month placement in segregation failed to implicate a liberty interest entitling him to due process).

The record reflects that Velasquez received disciplinary segregation for a variety of infractions for 60 days beginning September 21, 2020. [DN 43-4]. In light of the above jurisprudence, the Court concludes that Plaintiff's 60-day placement in segregation does not constitute an atypical and significant hardship triggering his right to due process. Furthermore, the record reflects that the Hopkins County Jail afforded Velasquez due process with him actually "accepting" the finding by the hearing officer imposing the 60 days of segregation from September 21 to November 19, 2020. [DN 43-4]. Thus, Velasquez has offered no evidence that his disciplinary segregation was "wrongful" or, for that matter, that he was denied procedural due process.

Accordingly, the Court grants summary judgment on Plaintiff's Fourteenth Amendment due process claim for wrongful isolation.

### B. Deprivation of Mattress and Bedding

Velasquez submits an affidavit stating that "[f]or sixty days, I was wrongfully placed in isolation, and deprived of a mattress and blanket for sixty days." [DN 45 at 3]. Velasquez claims that the deprivation of the mattress and blanket violated his rights under the Eighth and Fourteenth Amendments.

While the Eighth Amendment provides a convicted prisoner the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Thomas v. Mayfield Police Dep't*, No. 5:21-CV-P97-

4

TBR, 2021 WL 6135560, at *4 (W.D. Ky. Dec. 29, 2021) (citing *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)). Thus, the Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner v. Scott Cty., TN*, 14 F.4th 585, 591 (6th Cir. 2021). This standard has two prongs. To satisfy the first prong under either the Eighth or Fourteenth Amendment, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the second prong under the Fourteenth Amendment, a plaintiff must show that defendants acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836); *see also Brannon v. Guill*, No. 5:21-CV-P141, 2022 WL 433164, at *3 (W.D. Ky. Feb. 11, 2022) ("The *Brawner* court, however, changed the subjective prong of the standard for Fourteenth Amendment claims brought by pretrial detainees and held that a 'modified' deliberate-indifference standard of recklessness now applies.").

Velasquez's conditions-of-confinement claim fails the objective prong of the standard based upon the evidence in the record. As recognized by the Sixth Circuit, "the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment" or the Fourteenth Amendment. *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (holding "the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment"); *see also*, *Jones v. Toombs*, 77 F.3d 482 (6th Cir. 1996) (holding that two weeks without a mattress did not violate the Eighth Amendment); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (holding that three days without a blanket and a mattress during a disciplinary confinement did not violate the Eighth Amendment).

The record reflects that the Hopkins County Jail Policy provides that mattresses are removed from isolation cells between the hours of 8:00 a.m. to 10:00 p.m. [DN 43-2]. Defendant Lewis averred that "[a]t all times between 10:00 pm and 8:00 am, the Plaintiff had access to bedding while in segregation." [*Id.* at ¶ 4]. Velasquez failed to submit any evidence suggesting that he did *not* receive a mattress and bedding between 10:00 p.m. and 8:00 a.m. pursuant to the policy.[2] In light of the above case law and undisputed facts, the Court finds that the removal of the mattress and bedding during a portion of each day fails to describe conditions of confinement sufficiently serious to meet the objective prong of the conditions-of-confinement claim.

The Court also concludes that Velasquez failed to state a Fourteenth Amendment procedural due process claim based on the removal of his mattress and bedding because his allegations do not rise to the level of an "atypical and significant hardship" under *Sandin*. 515 U.S. at 483; s*ee also*, *Sanders v. Smith*, No. 1:11-CV-892, 2011 WL 5921426 at *17 (W.D. Mich. Nov. 27, 2011) (holding that more than 30 days on a "mattress, sheets, and bed covering restriction" with no clothes was not so "atypical and significant" as to give rise to a Fourteenth Amendment due process claim); *Blair v. Kentucky State Penitentiary*, No. 5:21-CV-P75, 2022 WL 660792, at *6–7 (W.D. Ky. Mar. 4, 2022) (collecting cases).

For these reasons, the Court grants summary judgment on Plaintiff's conditions-of-confinement claims.

---

[2] In his response to the motion for summary judgment, Velasquez complains that Defendant failed to submit a video of the mattresses piled up outside of isolation. However, the record reflects that Velasquez was provided the video surveillance during discovery. As such, if he wanted it considered, Velasquez should have submitted it to the Court. As explained more fully above, "[a]lthough Plaintiff in this case is proceeding pro se, the more 'liberal' pleading standard applicable to pro se litigants does not excuse his failure to produce any affirmative evidence in support of his . . . Complaint at this stage of the proceeding." *Marinkovic v. Hazelwood*, No. 1:19-CV-1710, 2021 WL 1165726, at *6 (N.D. Ohio Mar. 26, 2021). Furthermore, Velasquez's affidavit does not suggest that jail staff failed to comply with the Hopkins County Jail's mattress restriction policy of returning bedding to prisoners between 10:00 p.m. and 8:00 a.m. each day.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment [DN 43] by Defendant Mike Lewis is **GRANTED**.

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:  Plaintiff, *pro se*   June 2, 2022
     Counsel of Record